Eugene A. and Janet J.
**ASCHAFFENBURG**
v.
**UNITED STATES of America.**
Civ. A. No. 71–1239.

United States District Court,
E. D. Louisiana,
New Orleans Division.
Sept. 9, 1974.

Moise S. Steeg, Jr., Steeg, Butler & O'Connor, New Orleans, La., for plaintiff.

Gerald J. Gallinghouse, U. S. Atty., Michaelle F. Pitard, Asst. U. S. Atty., New Orleans, La., Charles G. Barnett, Dept. of Justice, Dallas, Tex., for U. S.

HEEBE, Chief Judge:

This is an action for refund of federal income taxes amounting to $1,238.28, paid by the taxpayer in 1966 and 1967. Since the Stipulation of Facts which the parties have agreed to establishes that there is no genuine issue as to any material fact and since we have determined that the government is entitled to judgment as a matter of law, we grant the defendant's motion for summary judgment.

In 1942, plaintiff acquired improved real property located at 1609–11 Tulane Avenue, New Orleans, Louisiana. (Stip. par. 2.) During 1965, the Louisiana Department of Highways had been bargaining with plaintiff concerning the fair market value of the Tulane Avenue property, and on February 2, 1966, the Department purchased that property from the plaintiff for a cash consideration of $125,300. According to the appraiser for the State of Louisiana, the improvements on this property added no value to the land. The sales price, therefore, represented almost entirely the value of the land. Plaintiff's total basis in this property was $4,436.00. ($4,100.00 in the land and $336.00 in the improvements.)

On November 10, 1965, plaintiff purchased an undivided two-thirds interest in improved real property located at 3727 Veterans Memorial Highway, Metairie, Louisiana, for which he paid $163,830.00. The facts and circumstances surrounding the foregoing transaction entitled plaintiff to elect not to recognize his gain realized upon the sale of the Tulane Avenue property, pursuant to the provisions of the Internal Revenue Code of 1954, Section 1033 (a)(3)(A). (Stip. par. 7.) Plaintiff did in fact elect not to recognize any gain from the sale of the Tulane Avenue property in his income tax return for 1966.

Plaintiff determined his basis, for depreciation purposes, in the Veterans Highway property by subtracting the $125,300.00 consideration paid by the highway department from the $163,830.-

00, alleged to have been the consideration plaintiff gave for his interest in the Veterans Highway property, and adding thereto $336 which represented plaintiff's adjusted basis in the Tulane Avenue improvements. (Stip. par. 8.) This computation yielded an adjusted basis in the replacement property of $38,866.00 which plaintiff claims to be all depreciable, apparently upon the theory that the consideration received on February 2, 1966, was for land only. (See Stip. par. 10.) Dividing the $38,866.00 by the 15 year life of the Veterans Highway property improvements, the plaintiff concluded that he was entitled to deduct approximately $2,590.00 per year for depreciation.

The government, on the other hand, determined plaintiff's total adjusted basis in the Veterans Highway property, as of the date of acquisition, in the following manner: The cost of plaintiff's total interest in the Veterans Highway property, $163,753.58,[1] was reduced by the total unrecognized gain from the involuntary conversion of the Tulane Avenue property, $120,864.00 resulting in an adjusted basis of plaintiff's total interest in the Veterans Highway property of $42,887.58. (Stip. par. 11.) This figure was then apportioned between the improvements and the land resulting in a depreciable basis in the improvements of $18,785.00, which in turn would entitle the plaintiff to a yearly depreciation deduction of only $1,252.47. We conclude that the government's method of computing the plaintiff's depreciable basis in the improvements on the Veterans Highway property is in complete accord with the relevant provisions of the Internal Revenue Code. Section 1033(c) of the Code provides, in pertinent part:

*Basis of Property Acquired Through Involuntary Conversion.*

\* \* \* In the case of property purchased by the taxpayer in a trans-

action described in subsection (a)(3) which resulted in the nonrecognition of any part of the gain realized as the result of a compulsory or involuntary conversion, the basis shall be the cost of such property decreased in the amount of the gain not so recognized \* \* \*.

The Code, therefore, required plaintiff to reduce his cost in the Veterans Highway property by the unrecognized gain which he realized from the sale of the Tulane Avenue property to arrive at his basis in the Veterans Highway property. The gain the plaintiff realized is obviously computed by subtracting the basis in the Tulane Avenue property, $4,436.00 from the purchase price paid for the property, $125,300.00. Plaintiff, thus, realized a gain of $120,864. Since the plaintiff recognized no gain in purchasing the replacement property, the government properly subtracted the $120,864 from the cost of plaintiff's share of the Veterans Highway property, $163,753.38, in accordance with Section 1033(c) to arrive at a $42,887.58 basis for the Veterans Highway property.

■ The central dispute in this case arises with respect to the proper method of allocating plaintiff's total basis in the Veterans Highway property between nondepreciable raw land and the depreciable improvements to that parcel. It would clearly be to plaintiff's advantage if he were able to allocate the entire $42,887.58 of basis to the improvement, since he would then be able to depreciate that entire amount over the 15-year life of those improvments. However, Treasury Regulations, 26 C.F.R. 1.167(a)–5 provides, in pertinent part:

*Apportionment of basis.*

In the case of the acquisition \* \* \* of a combination of depreciable and nondepreciable property for a lump sum, as for example, buildings and land, the basis for depreciation

---

1. The figures used by the parties in the various documents and memoranda submitted to the Court contain minor discrepancies and arithmetical errors. Since the exact figures

have no bearing upon the legal questions presented, we have made no attempt to reconcile them.

cannot exceed an amount which bears the same proportion to the lump sum as the value of the depreciable property at the time of acquisition bears to the value of the entire property at that time. * * *

This long-standing regulation, therefore, requires an allocation of plaintiff's total adjusted basis between the land and improvements based solely on the relative fair market values of each. The government's calculations are in full accord with this regulation. Because plaintiff was himself considered to be an expert appraiser of real estate, the government accepted his determination that the fair market value of his interest in the improvements to the Veterans Highway property was $80,000, and that the total fair market value of his interest in the Veterans Highway property was $182,600. (See Stip. par. 9.) In order to determine plaintiff's basis for depreciation in the Veterans Highway property, the government multiplied the total adjusted basis of $42,887.58 by a fraction, the denominator of which was $182,600, and the numerator of which was $80,000. This computation resulted in a depreciable basis in the Veterans Highway property of $18,785.64, which, in turn, resulted in a yearly depreciation deduction of $1,252.47, for each of the fifteen years which were claimed as the useful life of the improvements. The correctness of the government's application of the apportionment principle embodied in 26 C.F.R. 1.167(a)–5 is further buttressed by a revenue ruling issued by the Commissioner since the instant motion was argued to the Court. Revenue ruling 73–18 states:

> Advice has been requested, under the circumstances described below, concerning the basis for Federal income tax purposes of property acquired as replacement property for property sold under a threat of condemnation.

> Under threat of condemnation, a corporation sold land and a building located thereon to a state for 550x dollars.

The corporation had an adjusted basis for the land of 200x dollars and an adjusted basis for the building (which had been depreciated on the straight line method) of 50x dollars, and thus had a gain of 300x dollars on the sale. The corporation properly elected not to recognize the gain of 300x dollars in accordance with section 1033 of the Internal Revenue Code of 1954 and timely replaced the property by the purchase of land for 200x dollars and the construction of a building at a cost of 600x dollars.

> Section 1033(c) of the Code provides, in part, that in the case of property purchased by a taxpayer in a transaction that results in the nonrecognition of any part of the conversion where the disposition of the converted property occurred after December 31, 1950, the basis of such property shall be its cost decreased in the amount of the gain not so recognized and if the property consists of more than one piece of property, the basis so determined shall be allocated to the purchased properties in proportion to their respective costs.

> Accordingly, since the replacement property in the instant case consists of land and a building, the basis of 500x dollars (200x plus 600x less 300x) must be allocated between them in proportion to their respective costs. Thus, the basis of the land is 125x dollars and the basis of the building is 375x dollars.

■ While such a ruling does not, of course, have the force of a regulation or a statute, it is entitled to be accorded weight as expressing the studied view of the agency whose duty it is to carry out the statute. Miami Beach First National Bank v. United States, 443 F.2d 275 (C.A.5, 1971); See Macey's Jewelry Corp. v. United States, 387 F.2d 70 (C. A.5, 1967).

However, the plaintiff argues that since the State of Louisiana only paid him for land, the reinvestment of the

State's payment in the Veterans Highway property should only be allocated to the land at that site and none to the improvements.

Plaintiff's argument on this point suffers from two main infirmities. First, it erroneously assumes that the character of the reinvestment is dependent upon the deferral of gain recognition, and, second, it is inconsistent with plaintiff's election to defer recognition of the gain from the involuntary conversion.

■■ Instead of the character of the reinvestment being dependent upon the recognition of gain being deferred, as must be assumed under plaintiff's argument, the reverse is actually true. The deferral of gain recognition is dependent upon the character of the reinvestment. The proceeds from an involuntary conversion must be reinvested in property similar or related in service or use to the property so converted or, in the case of real property, property of a "like kind." Plaintiff cannot treat the purchase of the Veteran's Highway property as a divisible acquisition of raw land on the one hand and improvements on the other. In fact, 26 C.F.R. 1.1033(a)–2(c)(9)(i), provides that where the payment received by a taxpayer from the involuntary conversion of unimproved real property is reinvested in improved real property, the taxpayer has not made an investment in property similar in character and devoted to a similar use as the property which was involuntarily converted. Thus, plaintiff's argument that the State of Louisiana only paid him for the land at the Tulane Avenue site and not for the improvements directly conflicts with his deferral of gain recognition stemming from that transaction.

Accordingly, the government's motion for summary judgment is granted. Let judgment be entered dismissing the plaintiff's complaint with prejudice and granting the government its costs.